G. M. RILEY, ETC., *v.* LOUISVILLE, LEXINGTON AND CINCINNATI RAILROAD CO.

**Covenants—To Pay Rent Runs With Land.**
   A covenant to pay rent runs with the land and is binding on one who assumes possession of the leased premises.

**Appeal—Judgment on Law and Facts.**
   A judgment of the court on the law and the facts submitted to it is as binding as the verdict of a jury.

**Appeal—Reversal—Sufficiency of Evidence.**
   A judgment of the trial court, which is not palpably against the weight of the evidence, will not be disturbed on appeal.

APPEAL FROM KENTON CIRCUIT COURT.

December 30, 1872.

OPINION BY JUDGE LINDSAY:

There was no privity of contract between the appellants as assignees of the lease made to Wrede and others; hence no recovery can be had in this action upon the contract itself. The appellee, if bound to pay the stipulated rent, is bound because of priority of estate. The covenant to pay the agreed rent is a covenant that runs with the lands, and attached to and becomes binding upon appellee in case it assumed possession of the leased premises. Possession is the foundation of assignee's liability to the lessor. (Taylor on Landlord and Tenant, Sections 444 and 449.) This doctrine has been recognized by the court in the case of *Trabue v. Adams,* 8 Bush 74.

The facts as well as the law of the case were submitted to the court, and its judgment will be disturbed for no less reason than would authorize the setting aside of a verdict of a jury.

The evidence does not show an actual possession of the leased premises, by the railroad company, and it is doubtful whether or not the notice to Miller to surrender to Wrede, as tenant of the company, had the effect of putting it constructively in possession; and it not being shown that Dudley had authority, either express or implied, to give such notice in the name of the appellee, it may well be doubted whether constructive possession would be sufficient to make the company responsible for rent. The circuit judge held that there was no such possession upon the part of appellee shown as would authorize a judgment against it for the rents in arrears, and his finding is not in our opinion palpably against the weight of the testimony. His judgment must therefore be *affirmed.*

*Ellis, for appellants.*

*Carlisle, for appellee.*